**No. 48029.**—Protests 718897–G, etc., of Morris Samuel et al. (St. Louis).

Opinion by TILSON, J. In accordance with stipulation of counsel that certain items consist of 8-bu. paper hats similar to those involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664) the claim at 25 percent under paragraph 1504 (b) (5) was sustained as to those items.

**No. 48030.**—Protests 867556–G, etc., of Henry Pollak, Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that certain of the items in question are the same as those involved in Abstract 47291, they were held dutiable at only 25 percent under paragraph 1504 (b) (1) as not blocked or trimmed, and not bleached, dyed, colored, or stained, as claimed.

**No. 48031.**—Protests 787997–G, etc., of European Agencies Co., H. S. Thielen (Lake Charles).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of *Wilbur-Ellis Co.* v. *United States* (26 C. C. P. A. 403, C. A. D. 47) the protests were sustained.

BEFORE THE THIRD DIVISION, FEBRUARY 17, 1943

**No. 48032.**—Petition 6293–R of Norman G. Jensen (Pembina).

Opinion by CLINE, J. It appeared from the testimony of a partner of the importing company it had been the practice that merchandise such as that in question from Alberta, Canada, was to be entered at Alberta or Calgary values and the customs broker had instructions accordingly. However, it appeared later that the appraiser changed the basis of appraisement from the Calgary value to Toronto value on merchandise entered by the company's customs broker at St. Albans, Vt., and his broker wrote him when he entered the merchandise that he entered the St. Albans merchandise at the Port Colborne or Toronto value, but that he was not sure the higher value was correct and that an investigation was being made. The only other witness was the customs broker who made the entry, and who testified that he complied with the instructions of the first witness, and had no reason to believe that any other value was the correct dutiable value. From the record it was found that the petitioner in making entry in this case acted without intention to misrepresent the facts or to deceive the appraiser as to the value of the goods. The petition was therefore granted.